**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DONNIE WITTMAN, | ) | |
| CORLIS MITCHELL, | ) | |
| DEDRIA COOLEY, | ) | |
| MYLDRINE CLARK, and | ) | |
| ROBERT HARTMAN, JR., | ) | Case No. 22-cv-966-SMY |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OLIN WINCHESTER, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiffs Donnie Wittman, Corlis Mitchell, Dedria Cooley, Myldrine Clark, and Robert Hartman, Jr., current supervisory employees of Defendant Olin Winchester LLC ("Winchester"), allege that Winchester has failed to properly pay them overtime for work in excess of 40 in a workweek, in violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 101/1, *et seq*., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/14(a), and state common law. Winchester removed the case from state court based on this Court's diversity jurisdiction (Doc. 1).

Now pending before the Court is Winchester's Motion to Dismiss for Failure to State a Claim (Doc. 19), which Plaintiffs oppose (Doc. 24). For the following reasons, the Motion is **GRANTED in part and DENIED in part**.

### <u>Background</u>

The following facts are taken from Plaintiff's Complaint and are deemed true for purposes of this motion. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008): Plaintiffs are

non-exempt supervisory employees at Winchester's East Alton, Illinois, facility.  Plaintiffs were each scheduled to work a minimum of nine hours per work shift and routinely worked more than forty (40) hours per week.  Throughout the course of their employment, Winchester calculated and paid each Plaintiff on an hourly basis pursuant to a policy that required and/or mandated that each Plaintiff work one hour per shift for free (the "unpaid work hour").  During this unpaid work hour, Plaintiffs were required to be on duty at Winchester's premises or at other prescribed places of work, performing duties for the benefit of the Winchester.  Winchester's policy also excluded the mandated unpaid work hour per shift from the calculation of overtime pay.

When Plaintiffs sought to record their actual time, Winchester unlawfully instructed and directed Plaintiffs not to record one hour of unpaid work time each shift on their time records. Plaintiffs were also retaliated against by Winchester by being reprimanded, warned and/or admonished by their supervisors, management and/or human resources personnel.

## Discussion

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.,* 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  The Court draws all reasonable inferences and facts in favor of the nonmovant.  *See Vesely v. Armslist LLC,* 762 F.3d 661, 664 (7th Cir. 2014).  Additionally, under Rule 8(a)(2), a Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[giving] the defendant fair notice of what the claim is

and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555 (citation omitted).

### Illinois Minimum Wage Law ("IMWL") – Count I

The IMWL requires employers to pay employees one and one-half times their regular hourly wage for hours worked beyond forty hours a week unless an exemption applies. *See* 820 ILCS § 105/4a(1). To state a claim for failure to pay overtime under the statute, "a plaintiff must sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of forty hours." *Silver v. Townstone Fin., Inc.*, No. 14-cv-1938, 2015 WL 1259507, at *1 (N.D. Ill. Mar. 17, 2015).

While argues that Plaintiffs fail to provide factual support for their alleged exempt status, they are not required to plead around potential affirmative defenses. *See, Deschepper v. Midwest Wine & Spirits, Inc.,* 84 F. Supp. 3d 767, 777 (N.D. Ill. 2015) (citing cases). And a dismissal under Rule 12(b)(6) should not be based on a court's assessment of an affirmative defense. *U.S. Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003); *Schaefer–LaRose v. Eli Lilly & Co.,* 679 F.3d 560, 571 (7th Cir. 2012) (The utilization of an exemption under the IMWL is an affirmative defense which the employer has the burden of proof). Thus, it is not appropriate for the Court to resolve this issue at this juncture.

Winchester further asserts that Plaintiffs fail to allege sufficient facts to support a plausible IMWL claim for unpaid overtime wages. To state a plausible claim, Plaintiffs need only provide sufficient notice to enable Winchester to begin to investigate and prepare a defense. *Tamayo,* 526 F.3d at 1085. There is no requirement that a IMWL plaintiff identify, by date, the specific weeks in which she was undercompensated; it is enough to allege that there was in fact at least one such

week.  *See Diaz v. E&K Cleaners, Inc.*, No. 16-CV-07952, 2018 WL 439120, at *1 (N.D. Ill. Jan. 16, 2018).

Here, Plaintiffs allege that they routinely worked more than 40 hours per week; that they were each routinely scheduled to work and worked nine hours or more per shift; and that they were mandated to work one unpaid work hour per shift.  These allegations are sufficient to place Winchester on notice of the claim against it.  As such, Plaintiffs' IMWL claim survives dismissal.

### Illinois Wage Payment and Collection Act ("IWPCA") – Count II

Winchester argues that Plaintiffs have not adequately pled an IWPCA claim because they do not allege the existence of an employment agreement.  To plead a viable IWPCA claim, a plaintiff must allege the existence of wages or final compensation [that] is due to an employee from an employer under an employment contract or agreement.  *See Landers-Scelfo v. Corporate Office Sys., Inc.*, 827 N.E.2d 1051, 1058 (Ill. App. Ct. 2d Dist. 2005) (citing 820 ILCS 115/2, 3, 5).  The term "employment agreement" for purposes of the IWPCA is construed broadly and reaches beyond a contract.  *Id.* at 1067-68.  An agreement need not be "formally negotiated or written," *Dobrov v. Hi-Tech Paintless Dent Repair, Inc.*, No. 1:20-CV-00314, 2021 WL 1212796, at *5 (N.D. Ill. Mar. 31, 2021), and need only amount to "a manifestation of mutual assent on the part of two or more persons" that an employee will perform work in exchange for compensation. *Id.*

Plaintiffs' sole allegation supporting their IWPCA claim is: "At all times relevant herein, the Plaintiffs and Defendant Winchester mutually assented to the payment of wages at agreed upon rates as earned by the Plaintiffs, including the payment of overtime at the rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in one week."  There are

no factual details in the Complaint describing the parameters of a specific agreement between the parties.

Plaintiffs' conclusory allegation that there was an agreement is not sufficient to suggest that the parties had the necessary mutual assent and formed an agreement concerning Plaintiffs' pay as it relates to their IWPCA claim. Although an employment contract or agreement under the IWPCA need not be formal or in writing, the pleadings need to include more than a conclusory allegation. *See Vann v. Dolly*, 2019 WL 1785589, at *3 (N.D. Ill. Apr. 24, 2019) ("Plaintiffs only set forth conclusory allegations of an agreement, which do not pass muster on a motion to dismiss."); *Martinez v. Citizen's Taxi Dispatch, Inc.*, 2017 WL 2311231, at *6 (N.D. Ill. 2017); *Smith v. C.H. James Rest. Holdings, L.L.C.*, No. 11 C 5545, 2012 WL 255806, at *2 (N.D. Ill. Jan. 26, 2012) (To conclude that Plaintiff had some sort of informal agreement with Defendants merely by working for them would render moot the rule that the IWPCA does not provide an independent substantive right to pay absent some agreement).[1] Therefore, Winchester's motion is granted as to Plaintiffs' IWPCA claim.

### *Common Law Claims – Counts III to V*

Winchester argues that Plaintiffs' common law claims for unjust enrichment (Count III), negligence (Count IV), and conversion (Count V) are preempted insofar as they seek relief based on the same factual allegations that support their IMWL claim. The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. preempts any state law claims brought based on the same set of facts that seek the same relief available under the FLSA. *See Sorensen v. CHT Corp.*, Nos. 03 C 1609 & 03 C 7362, 2004 WL 442638, *5 (N.D. Ill. Mar. 10, 2004); *Morgan v. SpeakEasy, LLC*,

---

[1] Plaintiffs attached an Overtime & Premium Pay – Exempt Salaried Employees policy to their response to Winchester's motion to dismiss. This Policy, which allows for payment of premium pay to exempt personnel for certain hours worked over 40 in a work week, does not appear to apply to Plaintiffs, who allege in the Complaint that they are non-exempt employees.

625 F. Supp. 2d 632, 659–60 (N.D. Ill. 2007).  The same is true for claims asserted under the IMWL. *See Condo v. Sysco Corp.,* 1 F.3d 599, 601 n. 3 (7th Cir. 1993); Ill. Admin. Code tit. 56, pt. 210.120 (2009); *In re Aon Corp. Wage & Hour Employment Practices Litigation,* 2011 WL 248448 (N.D. Ill. 2011).

The relief Plaintiffs seek under their common law theories is identical to the relief they seek under the IMWL – payment of overtime.  State law claims seeking only unpaid overtime compensation guaranteed by the FLSA are clearly preempted and are governed exclusively by the FLSA and state statutory wage laws, such as the IMWL.  Accordingly, Winchester's motion to dismiss Plaintiffs' common law claims will be granted.

## Conclusion

Defendant Olin Winchester LLC's motion to dismiss Plaintiffs' claims under the Illinois Wage Payment and Collection Act (Count II) and common law claims for unjust enrichment, negligence, and conversion (Counts III to V) are **GRANTED**.  The motion is **DENIED** with respect to Plaintiffs' Illinois Minimum Wage Law claim (Count I).

**IT IS SO ORDERED.**

**DATED:  October 28, 2022**

**STACI M. YANDLE**
**United States District Judge**