IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNIE WITTMAN, <br> CORLIS MITCHELL, <br> DEDRIA COOLEY, <br> MYLDRINE CLARK, and <br> ROBERT HARTMAN, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> OLIN WINCHESTER, LLC <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 22-cv-966-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Donnie Wittman, Corlis Mitchell, Dedria Cooley, Myldrine Clark, and Robert Hartman, Jr., current supervisory employees of Defendant Olin Winchester LLC ("Winchester"), filed suit in state court alleging that Winchester has failed to properly pay them overtime for work in excess of 40 in a workweek, in violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 101/1, *et seq*., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/14(a), and state common law.  Following removal, the Court granted in part Winchester's motion to dismiss and dismissed the IWPCA and common law claims without prejudice (Doc. 31). Now pending before the Court is Plaintiffs' Motion for Leave to File a First Amended Complaint (Doc. 40), which Winchester opposes (Doc. 41).

Under Federal Rule of Civil Procedure 15(a), after a party has amended its pleading once by right, that party may amend the pleading again only by leave of court or by written consent of the adverse party.  While Rule 15(a) is discretionary, leave to amend should be granted absent any evidence of bad faith, dilatory motive, undue delay, unfair prejudice to the opposing party, or

unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted. *See Jackson v. Rockford Housing Authority,* 213 F.3d 389, 390 (7th Cir. 2000); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana,* 786 F.3d 510, 519–20 (7th Cir. 2015). Winchester asserts that the proposed amended complaint is futile because Plaintiffs have not alleged sufficient facts supporting an IWPCA claim.

Because the existence of clear futility at the outset of a case are rare, the "better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim." *Runnion ex rel. Runnion,* 786 F.3d at 519–20 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990). Here, there is no appearance of undue delay, unfair prejudice, bad faith, or dilatory motive by Plaintiffs, and the Court cannot conclude from the face of the proposed Amended Complaint that amendment would be futile or otherwise unwarranted. Winchester's contention that Plaintiffs' allegations do not adequately state a claim for relief may appropriately be raised by a motion to dismiss.

Accordingly, Plaintiffs' Motion for Leave (Doc. 40) is **GRANTED**.

**IT IS SO ORDERED.**
**DATE:  May 18, 2023**

**STACI M. YANDLE**
**United States District Judge**