IN THE <u>UNITED STATES DISTRICT</u> COURT
<u>SOUTHERN DISTRICT OF</u> ILLINOIS

| | |
|---|---|
| DONNIE WITTMAN, CORLIS MITCHELL, DEDRIA COOLEY, MYLDRINE CLARK, ROBERT HARTMAN, JR. <u>AND JUANITA MANDA</u>,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>OLIN WINCHESTER, LLC,<br><br>　　　　　Defendant. | Case No.: 3:22-cv-00966-SMY |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiffs, Donnie Wittman, Corlis Mitchell, Dedria Cooley, Myldrine Clark, Robert Hartman, Jr. <u>and Juanita Manda</u> (collectively "Plaintiffs"), by and through their attorneys, Mathis, Marifian & Richter, Ltd., and for their <u>First Amended</u> Complaint ("Complaint") against the Defendant, Olin Winchester, LLC., state as follows:

**NATURE OF CASE**

1.　Defendant, Olin Winchester, LLC ("Olin"), instituted a policy and/or practice that unlawfully required certain employees, including the Plaintiffs herein, to work one hour each shift without pay, even though the Plaintiffs were required to be on duty at Olin's premises, and predominately performing work for the benefit of Olin during that hour.  Defendant Olin further failed to count this one hour per shift towards the calculation of overtime hours, thereby denying Plaintiffs and other similarly situated employees compensation for one and one-half times their regular rate of pay for all time worked over <u>forty (40)</u> hours in a workweek.  <u>In addition, Plaintiffs were routinely scheduled to work more than forty (40) hours per week and were frequently scheduled to work double shifts of more than 16 hours, but were instructed not to record all of</u>

{M1189577.3}　　　　　　　　　　　　　　　　1

their hours worked on their timecards and were denied compensation for all hours worked, including overtime pay for all hours worked in excess of forty (40) hours. Plaintiffs and other similarly situated employees repeatedly reported these unlawful practices to Defendant, who acknowledged that the practices were unlawful, but continued to intentionally refuse to correct the practices and pay the Plaintiffs and other similarly situated employees their lawful wages. Plaintiffs bring this action to recover compensation, liquidated damages, punitive damages, attorney's fees, costs and other damages for unpaid wages and unpaid overtime pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*

## FACTS RELEVANT TO ALL COUNTS

2. At all times relevant herein, Plaintiff, Donnie Wittman, was and is a citizen and resident of Alton, Madison County, Illinois.

3. At all times relevant herein, Plaintiff, Corlis Mitchell, was and is a citizen and resident of Glen Carbon, Madison County, Illinois.

4. At all times relevant herein, Plaintiff, Dedria Cooley, was and is a citizen and resident of Alton, Madison County, Illinois.

5. At all times relevant herein, Plaintiff, Myldrine Clark, was and is a citizen and resident of Alton, Madison County, Illinois.

6. At all times relevant herein, Plaintiff, Robert Hartman, Jr., was and is a citizen and resident of Grafton, Jersey County, Illinois.

7. At all times relevant herein, Plaintiff, Juanita Manda, was and is a citizen and Jerseyville, Jersey County, Illinois,

8. At all times relevant herein, Defendant, Olin, was and is a foreign limited liability company with its principal place of business located in Clayton, St. Louis County, Missouri.

9. At all times relevant herein, Defendant Olin employed each Plaintiff at its East Alton, Madison County, Illinois, facility.

10. At all times relevant herein, Plaintiffs each held supervisory positions in which they were responsible for the direct supervision of hourly employees.

11. At all times relevant herein, Plaintiffs were each routinely scheduled to work a minimum of nine (9) hours or more per work shift.

12. Although Defendant Olin purported to classify each Plaintiff as being "exempt" from overtime, the Defendant Olin paid each Plaintiff on an hourly basis for their work pursuant to a written policy and procedure titled "Overtime & Premium Pay – Exempt Salaried Employees" ("Overtime Policy"), a copy of which is attached hereto as "Exhibit A."

13. The Overtime Policy further provided for an "Overtime Allowance" which states, in relevant part: "Supervisory positions which are responsible for the direct supervision of hourly employees will receive one and one-half times their hourly rate of pay" for hours worked over 40 in a work week.

14. Plaintiffs and Defendant Olin mutually assented to the payment of wages as set forth in the Overtime Policy, including the payment of overtime at the rate of one-and one-half times their regular rate of pay for all hours worked in excess of forty (40) in one week.

15. The Overtime Policy failed to include a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked.

16. As the Overtime Policy failed to include a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts

worked, no reasonable relationship existed between any guaranteed amount and the amount actually earned.

17. Despite the "Overtime Allowance" provision of the Overtime Policy, Defendant Olin had a policy and/or practice in place that required and/or mandated that each Plaintiff and other similarly situated employees work for one hour free (*i.e.*, without compensation) per work shift (hereinafter the "unpaid work hour").

18. In addition, Defendant Olin had a policy and/or practice in place in which the "unpaid work hour" per shift was not counted towards the total number of hours worked per week for purposes of calculating overtime hours.

19. At all times relevant herein, during the "unpaid work hour" Plaintiffs and other similarly situated employees were required to be on duty, at Defendant Olin's premises or at other prescribed places of work.

20. At all times relevant herein, during the "unpaid work hour" each Plaintiff's and other similarly situated employees' time was spent predominantly for the benefit of Defendant Olin, rather than for each Plaintiff.

21. At all times relevant herein, Plaintiffs and other similarly situated employees worked long hours, routinely in excess of forty (40) hours per week but were denied overtime pay for all hours worked in excess of forty (40) hours per week.

22. At all times relevant herein, Plaintiffs and other similarly situated employees were frequently scheduled to work double shifts in excess of 16 hours but were instructed by the Defendant Olin not to record time in excess of 16 hours per double shift on their timecards and were denied pay for hours in excess of 16 hours per double shift.

23. At all times relevant herein, Defendant Olin failed and/or refused to pay Plaintiffs and other similarly situated employees compensation for the "unpaid work hour" per shift.

24. At all times relevant herein, Defendant Olin failed and/or refused to include the "unpaid work hour" per shift in the calculation of each Plaintiff's and other similarly situated employees' total hours worked per week.

25. <u>At all times relevant herein, Defendant Olin failed and/or refused to include all hours worked in excess of 16 hours per double shift in the calculation of each Plaintiff's and other similarly situated employees' total hours worked per week.</u>

26. <u>At all times relevant herein, Defendant Olin failed and/or refused to include all hours worked in excess of forty (40) hours per week in the calculation of each Plaintiff's and other similarly situated employees' total hours worked per week.</u>

27. At all times relevant herein, by excluding the "unpaid work hour," <u>hours worked in excess of forty (40) hours per week, and hours worked in excess of 16 hours per double</u> shift from the calculation of the total number of hours worked per week, Defendant Olin failed and/or refused to pay Plaintiffs and other similarly situated employees one-and one-half times their regular rate of pay for all hours worked in excess of forty (40) in one week ("overtime pay").

28. At all times relevant herein, Defendant Olin knew, or should have known, that applicable law including, but not limited to, the Illinois Minimum Wage Law ("IMWL"), the Illinois Wage Payment and Collection Act ("IWPCA") and other applicable law, required that Plaintiffs and other similarly situated employees be paid for all hours worked and/or earned, including "unpaid work hours."

29. At all times relevant herein, Defendant Olin knew, or should have known, that the IMWL required that all "unpaid work hours" be included in the calculation of hours worked for determining overtime.

30. At all times relevant herein, Defendant Olin knew, or should have known, that the IMWL required that Plaintiffs and other similarly situated employees be paid at one-and one-half times the regular rate of pay for all hours worked, including "unpaid work hours," that total in excess of forty (40) in one week.

31. At all times relevant herein, Defendant Olin instructed and directed Plaintiffs and other similarly situated employees not to record one hour of "unpaid work time" each shift on their time records.

32. <u>At all times relevant herein, Defendant Olin instructed and directed Plaintiffs and other similarly situated employees not to record all hours over forty (40) per week on their time records.</u>

33. <u>At all times relevant herein, Defendant Olin instructed and directed Plaintiffs and other similarly situated employees not to record more than 16 hours on their time records when working a double shift.</u>

34. When Plaintiffs and other similarly situated employees sought to include <u>all</u> of <u>their</u> time <u>worked</u> on their time records, they were retaliated against by Defendant Olin by being reprimanded, warned and/or admonished by their supervisors, management and/or human resources personnel and instructed to remove the time <u>worked</u> from their time records.

35. Plaintiffs and other similarly situated employees complained to their supervisors, management and/or human resources personnel about Defendant Olin's refusal to pay compensation for <u>all time worked</u> and its failure to pay overtime pay.

36.     Despite numerous complaints from Plaintiffs and other similarly situated employees regarding Defendant Olin's refusal to pay compensation for <u>all time worked</u> and its failure to pay overtime pay, Defendant Olin knowingly, willfully, wantonly and/or intentionally refused to pay the Plaintiff and other similarly situated employees for <u>all time worked.</u>

37.     Despite numerous complaints from Plaintiffs and other similarly situated employees regarding Defendant Olin's refusal to pay compensation for <u>all time worked</u>, Defendant Olin knowingly, willfully, wantonly and/or intentionally refused to include <u>all time worked</u> in the calculation of hours worked and/or overtime.

38.     Despite numerous complaints from Plaintiffs regarding Defendant Olin's refusal to pay compensation for <u>all time worked</u>, Defendant Olin knowingly, willfully, wantonly and/or intentionally refused to pay Plaintiffs and other similarly situated employees one-and one-half times their regular rate of pay for all hours worked in excess of forty (40) <u>hours</u> in one week.

39.     Defendant Olin, by and through its employees and agents, acknowledged that it knew that its policy and practice of refusing to pay Plaintiffs and other similarly situated employees compensation for "unpaid work hours" <u>and other time worked</u> violated the law.

40.     Defendant Olin, by and through its employees and agents, acknowledged that it knew that its policy and practice of refusing to include "unpaid work hours" <u>and other time worked</u> in the calculation of hours worked and/or overtime violated the law.

41.     Defendant Olin, by and through its employees and agents, acknowledged that it knew that its policy and practice of refusing to pay Plaintiffs and other similarly situated employees one-and one-half times their regular rate of pay for all hours worked in excess of forty (40) <u>hours</u> in one week violated the law.

42. Defendant Olin's policy and practice of not paying Plaintiffs and other similarly situated employees their lawful earned wages was willful and wanton.

## COUNT I
### Violations of the Illinois Minimum Wage Law
### 820 ILCS 105/1, *et seq.*

43. Plaintiffs each individually incorporate by reference paragraphs 1 through 42 of this First Amended Complaint as if fully set forth herein.

44. At all times relevant herein, Defendant Olin qualified as an "employer" under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/3(c).

45. At all times relevant herein, the Plaintiffs each qualified as an "employee" under the IMWL, 820 ILCS 105/3(d).

46. At all times relevant herein, compensation for work performed by Plaintiffs for Defendant Olin was subject to the provisions of the IMWL.

47. Pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/2: "It is against public policy for an employer to pay to his employees an amount less than that fixed by this Act."

48. Pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/4a, "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1.5 times the regular rate at which he is employed."

49. Pursuant to Ill. Admin. Code Tit. 56, §210.110, "'[h]ours worked' means all the time an employee is required to be on duty, or on the employer's premises, or at other prescribed places of work, and any additional time he or she is required or permitted to work for the employer."

50. Pursuant to Ill. Admin. Code Tit. 56, §210.110, "[a]n employee's meal periods and time spent on-call away from his/her employer's premise are compensable hours worked when such time is spent predominantly for the benefit of the employer, rather than for the employee.

51. "Unpaid work hours" constituted "hours worked" within the meaning of the IMWL and Ill. Admin. Code Tit. 56, §210.110.

52. Defendant Olin failed to pay Plaintiffs their wages for all hours worked in violation of the IMWL.

53. Defendant Olin failed to pay Plaintiffs one-and one-half times their regular rate of pay for all hours worked in excess of forty (40) in one week in violation of the IMWL.

54. Plaintiffs were not exempt from the wage provisions of the IMWL or the overtime requirements imposed by 820 ILCS 105/4a.

55. As a direct and proximate result of Defendant Olin's acts, omissions and violations of the IMWL, Plaintiffs have each suffered economic harm in the form of lost wages.

56. Plaintiffs have each individually suffered economic harm in that they were not paid wages for "unpaid hours worked."

57. <u>Plaintiffs have each individually suffered economic harm in that they were not paid wages for all hours worked in excess of forty (40) hours per week.</u>

58. <u>Plaintiffs have each individually suffered economic harm in that they were not paid wages for all hours worked in excess of 16 hours per double shift.</u>

59. Plaintiffs have each individually suffered economic harm in that they were not paid one-and one-half times their regular rate of pay for all hours worked in excess of forty (40) in one week.

60. The IMWL, 820 ILCS 105/12(a), states, in relevant part:

> If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action treble the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

61. Pursuant to 820 ILCS 105/12(a), Plaintiffs are each entitled to recover treble the amount of all underpayments for wages and overtime.

62. Pursuant to 820 ILCS 105/12(a), Plaintiffs are each entitled to recover costs and reasonable attorney's fees in pursuing this action.

63. Pursuant to 820 ILCS 105/12(a), Plaintiffs are each entitled to recover damages of 5% of the amount of all underpayments of wages and overtime for each month following the date of payment during which such underpayments remain unpaid.

64. Defendant's conduct was intentional, malicious, willful, wanton, repeated and/or in reckless disregard of the rights of each Plaintiff and the provisions of the IMWL, constituting aggravating circumstances that justify the additional imposition of punitive damages to deter Defendant Olin and others from similar future conduct.

WHEREFORE, Plaintiffs respectfully and individually request that this Court:

(a) Enter judgment for each individual Plaintiff and against Defendant, Olin Winchester, LLC, for violations of the Illinois Minimum Wage Law;

(b) Award each individual Plaintiff treble the amount of any and all wage and overtime underpayments owed to each of them;

(c) Award each individual Plaintiff a 5% charge on the amount of all wage and overtime underpayments for each month following the date of payment during which such underpayments remain unpaid;

(d) Award each individual Plaintiff their reasonable attorney's fees and costs herein expended;

(e) Award each individual Plaintiff substantial punitive damages;

(f) Award each individual Plaintiff such other and further relief as this Court deems just and proper.

**COUNT II**
**Violations of the Illinois Wage Payment and Collection Act**
**820 ILCS 115/1, *et seq.***

65. Plaintiffs each individually incorporate by reference paragraphs 1 through <u>42</u> of this <u>First Amended</u> Complaint as if fully set forth herein.

66. At all times relevant herein, Defendant Olin qualified as an "employer" under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/2.

67. At all times relevant herein, the Plaintiffs each qualified as an "employee" under the IWPCA, 820 ILCS 115/2.

68. At all times relevant herein, compensation for work performed by Plaintiffs for Defendant Olin was subject to the provisions of the IWPCA.

69. At all times relevant herein, <u>and as exhibited by Defendant Olin's written Overtime Policy,</u> the Plaintiffs and Defendant Olin mutually assented to the payment of wages at agreed upon rates as earned by the Plaintiffs, including the payment of overtime at the rate of one-and one-half times their regular rate of pay for all hours worked in excess of forty (40) in one week. <u>(Exhibit A).</u>

70. Defendant Olin failed to pay the Plaintiffs for all of their earned wages at the agreed upon rates.

71. The IWPCA, 820 ILCS 115/14(a) states, in relevant part: "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."

72. Defendant Olin failed to pay Plaintiffs all of their earned wages in violation of the IWPCA.

73. Defendant Olin failed to pay Plaintiffs one-and one-half times their regular rate of pay for all hours worked in excess of forty (40) in one week in violation of the IWPCA.

74. Plaintiffs were not exempt from the wage provisions of the IWPCA.

75. As a direct and proximate result of Defendant Olin's acts, omissions and violations of the IWPCA, Plaintiffs have each suffered economic harm in the form of lost wages.

76. Pursuant to 820 ILCS 115/14(a), Plaintiffs are each entitled to recover the amount of all such underpayments.

77. Pursuant to 820 ILCS 115/14(a), Plaintiffs are each entitled to recover damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

78. Pursuant to 820 ILCS 115/14(a), Plaintiffs are each entitled to recover costs and reasonable attorney's fees in pursuing this action.

79. Defendant's conduct was intentional, malicious, willful, wanton, repeated and/or in reckless disregard of the rights of each Plaintiff and the provisions of the IWPCA, constituting

aggravating circumstances that justify the additional imposition of punitive damages to deter Defendant Olin and others from similar future conduct.

WHEREFORE, Plaintiffs respectfully and individually request that this Court:

(a) Enter judgment for each individual Plaintiff and against Defendant, Olin Winchester, LLC, for violations of the Illinois Wage Payment and Collection Act;

(b) Award each individual Plaintiff the amount of any such underpayments, including unpaid overtime, owed to each of them;

(c) Award each individual Plaintiff damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

(d) Award each individual Plaintiff their reasonable attorney's fees and costs herein expended;

(e) Award each individual Plaintiff substantial punitive damages;

(f) Award each individual Plaintiff such other and further relief as this Court deems just and proper.

**MATHIS, MARIFIAN & RICHTER, LTD.**

By  /s/Mark S. Schuver
Mark S. Schuver, #06197656
Laura E. Schrick, #06284750
Montana L. Sinn, #063339689
23 Public Square, Suite 300
Belleville, IL 62220
Phone:  (618) 234-9800
Fax:  (618) 234-9786
mschuver@mmrltd.com
lschrick@mmrltd.com
msinn@mmrltd.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that, on February 20th, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Illinois by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                                      */s/ Mark S. Schuver*



# Policies and Procedures

| Policy No.: | Revision No.: | Supersedes: | Issue Date: | Pages: |
|---|---|---|---|---|
| O-2 | 2-15-17 | 1-18-94 | 10-22-76 | 1 of 2 |

| Title: |
|---|
| OVERTIME & PREMIUM PAY – EXEMPT SALARIED EMPLOYEES |

| Approved By: |
|---|
| Vice President; Human Resources |

## Purpose

To allow additional payment to certain classifications of exempt personnel for hours worked over 40 in a work week or for working on Sunday.

## Scope

Applies primarily to exempt personnel who directly supervisor hourly or nonexempt employees.

Other exempt employees in job classifications of less than 500 job points may be eligible for overtime payment.

## Sunday Premium Allowance

First line supervisory positions which are responsible for the direct supervision of hourly employees will receive premium for working on a Sunday. First-line supervisors will receive one and one-half times their hourly rate of pay for hours worked on a Sunday.

## Overtime Allowance

An eligible employee will receive straight time pay (calculated as annual base salary divided by 2080) for hours worked over 40 in a work week. Supervisory positions which are responsible for the direct supervision of hourly employees will receive one and one-half times their hourly rate of pay.

## Procedure

Overtime hours covered under this policy must be scheduled and authorized by the supervisor. Casual overtime is not included for pay under this policy. Examples of casual overtime include:

1. Time spent either before or after the employee's regular shift for the purposes of exchanging information with another supervisor, taking care of paperwork, or other normal requirements of the position.

2. Traveling on Company business.



# Policies and Procedures

| Policy No.: | Revision No.: | Supersedes: | Issue Date: | Pages: |
|---|---|---|---|---|
| O-2 | 2-15-17 | 1-18-94 | 10-22-76 | 2 of 2 |

3. Time spent attending functions as required of the position, for example staff meetings, safety meetings, seminars or training programs, either before or after the regular shift or on the employee's regularly scheduled day off.

Overtime and premium payments will be made the month following the reporting of hours on the time card. The base salary in effect the month of actual payment will be the rate used for calculating overtime or premium pay.

Any absence for which the employee receives his/her regular salary shall be considered as hours worked in the computation of overtime. There shall be no pyramiding of Sunday premium or overtime pay.

### Time Cards

An Exempt Salary Time Card, Form EA 128, must be completed by the employee and submitted to the supervisor on the last day of the pay period in accordance with Policy A-2, Attendance Records & Time Cards-Salaried Employees. The immediate supervisor is responsible for approving all exempt overtime or premium pay and forwarding the time card to the Salary Payroll Department on the first day following the last day of the pay period. A copy of the Time Card should be retained in the department.

Note: Exempt employee overtime or premium pay requires the additional approval of a designee appointed by the appropriate staff member Winchester Division President.

### Exceptions

Any exceptions to this policy must be approved by the appropriate member of the Winchester Division President's staff and the Vice President; Human Resources.

### Administration

Questions regarding the administration of this policy should be referred to the Vice President; Human Resources.