IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNIE WITTMAN, <br> CORLIS MITCHELL, <br> DEDRIA COOLEY, <br> MYLDRINE CLARK, <br> ROBERT HARTMAN, JR. and <br> JUANITA MANDA, <br><br> Plaintiffs, <br><br> vs. <br><br> OLIN WINCHESTER, LLC <br><br> Defendant. | Case No. 22-cv-966-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Donnie Wittman, Corlis Mitchell, Dedria Cooley, Myldrine Clark, Robert Hartman, Jr. and Juanita Manda, current supervisory employees of Defendant Olin Winchester LLC ("Winchester"), filed suit in state court alleging Winchester has failed to properly pay them overtime for work in excess of 40 in a workweek, in violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 101/1, *et seq*., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/14(a), and common law. Following removal, this Court dismissed Plaintiffs' IWPCA and common law claims for failure to state a claim (Doc. 31). Thereafter, Plaintiffs filed a First Amended Complaint (Doc. 45).

Now pending before the Court is Winchester's Partial Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 49), which Plaintiffs oppose (Doc. 52). For the following reasons, the Motion is **GRANTED**.

## Background

The following facts are taken from Plaintiff's First Amended Complaint and are deemed true for purposes of this motion. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008): Plaintiffs are supervisory employees at Winchester's East Alton, Illinois facility who were responsible for the direct supervision of hourly employees. Plaintiffs were each routinely scheduled to work a minimum of nine (9) hours per work shift and routinely worked more than forty (40) hours per week. Although Winchester purported to classify Plaintiffs as being exempt from overtime, it paid each Plaintiff on an hourly basis for their work pursuant to a written policy and procedure titled "Overtime & Premium Pay – Exempt Salaried Employees" ("Overtime Policy"), which stated in pertinent part:

> Overtime & Premium Pay – Exempt Salaried Employees
>
> Purpose: To allow additional payment to certain classifications of exempt personnel for hours worked over 40 in a work week or for working on Sunday.
>
> Scope: Applies primarily to exempt personnel who directly supervisor [sic] hourly or nonexempt employees. Other exempt employees in job classifications of less than 500 job points may be eligible for overtime payment.
>
> Overtime Allowance: An eligible employee will receive straight time pay (calculated as annual base salary divided by 2080) for hours worked over 40 in a work week. Supervisory positions which are responsible for the direct supervision of hourly employees will receive one and one-half times their hourly rate of pay.
>
> Procedure: Overtime hours covered under this policy must be scheduled and authorized by the supervisor. Casual overtime is not included for pay under this policy…

Plaintiffs and Winchester "mutually assented to the payment of wages as set forth in the Overtime Policy, including the payment of overtime at the rate of one-and one-half times their regular rate of pay for all hours worked in excess of 40 in one week". The Policy failed to include a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of

the number of hours, days or shifts worked. Despite the overtime allowance provision of the Policy, Winchester had a practice in place requiring that each Plaintiff work for one hour free per work shift. During this unpaid work hour, Plaintiffs were required to be on duty at Winchester's premises or at other prescribed places of work, performing duties for the benefit of the Winchester. Winchester's policy also excluded the mandated unpaid work hour per shift from the calculation of overtime pay.

Plaintiffs were frequently scheduled to work double shifts in excess of sixteen (16 ) hours but were instructed by Winchester not to record time in excess of 16 hours per double shift on their timecards, and were denied pay for hours in excess of 16 hours per double shift. When Plaintiffs sought to record their actual time, Winchester unlawfully instructed and directed them to not record one hour of unpaid work time each shift on their time records. Plaintiffs were also retaliated against by Winchester by being reprimanded, warned and/or admonished by their supervisors, management and/or human resources personnel.

## Discussion

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.,* 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court draws all reasonable inferences and facts in favor of the nonmovant. *See Vesely v. Armslist LLC,* 762 F.3d 661, 664 (7th Cir. 2014). Additionally, under Rule 8(a)(2), a Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[giving] the defendant fair notice of what the claim is

and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555 (citation omitted).

Winchester argues that Plaintiffs' First Amended Complaint does not set forth any new facts to support an IWPCA claim and the Overtime Policy is inapplicable to Plaintiffs. To plead a viable IWPCA claim, a plaintiff must allege the existence of wages or final compensation [that] is due to an employee from an employer under an employment contract or agreement. *See Landers-Scelfo v. Corporate Office Sys., Inc.*, 827 N.E.2d 1051, 1058 (Ill. App. Ct. 2d Dist. 2005) (citing 820 ILCS 115/2, 3, 5). The term "employment agreement" for purposes of the IWPCA is construed broadly and reaches beyond a contract. *Id.* at 1067-68. As such, an agreement need not be "formally negotiated or written," *Dobrov v. Hi-Tech Paintless Dent Repair, Inc.*, No. 1:20-CV-00314, 2021 WL 1212796, at *5 (N.D. Ill. Mar. 31, 2021), and need only amount to "a manifestation of mutual assent on the part of two or more persons" that an employee will perform work in exchange for compensation. *Id.*

Plaintiffs' First Amended Complaint sets forth the same general allegations supporting their IWPCA claim as in the original complaint: "Plaintiffs and Winchester mutually assented to the payment of wages as set forth in the Overtime Policy, including the payment of overtime at the rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in one week." In addition to this general allegation, Plaintiffs now allege that Winchester "paid each Plaintiff on an hourly basis for their work" pursuant to the Overtime Policy. However, the Overtime Policy governs additional payment to certain classifications of exempt personnel for hours worked over 40 in a work week and applies to exempt *salaried employees*. Thus, this Policy does not appear to apply to Plaintiffs, who allege in the Amended Complaint that they are paid on an hourly basis. Plaintiffs do not provide any other factual allegations suggesting the necessary

mutual assent or that the parties formed an agreement concerning Plaintiffs' pay as it relates to their IWPCA claim. Accordingly, Winchester's motion to dismiss Count II is **GRANTED**.

    **IT IS SO ORDERED.**

    **DATED:** October 3, 2023

                                        **STACI M. YANDLE**
                                        **United States District Judge**